[No. E010340. Fourth Dist., Div. Two. Apr. 12, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
ANDRE LAJON COOLEY, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts I, III and IV of the Discussion.

## COUNSEL

Elizabeth N. Brancart, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Garrett Beaumont and Bradley A. Weinreb, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**TIMLIN, J.**—Defendant appeals from the judgment entered below upon his conviction by jury of one count of forcible rape (Pen. Code, § 261, subd.

(a)(2)) and one count of sexual battery (Pen. Code, § 243.4, subd. (a)).[1] On appeal, defendant has raised the following contentions: (1) There is insufficient evidence of "wrongful touching" to support the conviction of felony sexual battery in violation of section 243.4, subdivision (a); (2) the trial court committed reversible error in instructing the jury with CALJIC No. 2.21.2; (3) the trial court committed reversible error by failing to provide the jury with a written copy of the jury instructions pursuant to section 1093; and (4) the trial court abused its discretion in denying defendant's motion for a new trial based on the ground that purportedly prejudicial testimony was given during the trial by a prosecution witness. We shall conclude that the evidence is such that defendant's conviction of felony sexual battery must be modified to a conviction of misdemeanor sexual battery (§ 243.4, subd. (d)), but that no other errors requiring redress were committed in the proceedings below. Consequently, we shall modify the judgment as hereinabove indicated and remand the matter to the trial court for resentencing on the misdemeanor sexual battery conviction and shall in all other respects affirm in full the judgment entered below.

## Factual and Procedural Background

Given the limited nature of the contentions raised on appeal by defendant, it is not necessary to set forth a lengthy and seamless rendition of the facts underlying the criminal charges of which defendant was convicted. It suffices here simply to note that:

(1) Defendant was charged with having forcibly raped, forcibly orally copulated, and sexually battered a victim—all on the same occasion.

(2) The evidence adduced at defendant's trial unequivocally established that defendant had had sexual intercourse with the victim on the occasion in question. The victim testified that the intercourse had been forced on her against her will, while defendant testified to the effect that the victim had consented to the sexual intercourse.

(3) The victim testified on direct examination that defendant had orally copulated her. On cross-examination, however, the victim admitted that she had not actually seen defendant orally copulate her but had, instead, merely "felt something wet" which she took to be defendant's tongue. Defendant denied ever having orally copulated the victim.

(4) The victim testified that defendant had fondled her breasts (against her will and while she was being restrained) by reaching inside of the turtle

---

[1]Unless otherwise indicated, all statutory citations refer to the Penal Code.

neck top she was wearing—but that defendant had not reached inside her brassiere while fondling her breasts.

Following a jury trial, defendant was convicted of the charged rape and the charged felony sexual battery, but was acquitted as to the charged oral copulation. Defendant was thereafter sentenced to a term of six years in state prison on the forcible rape count and to an additional term of three years in state prison on the felony sexual battery count, with the imposition of sentence on the felony sexual battery count stayed pursuant to section 654, for a total sentence of six years in state prison.

Additional facts will be referred to, as needed, in the discussion which follows. We will address defendant's contentions on appeal in the order in which it is most logically efficient to do so rather than in the order in which defendant asserted them in his opening brief.

DISCUSSION

I.

INSTRUCTION OF THE JURY WITH CALJIC NO. 2.21.2*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

II.

FAILURE TO PROVIDE THE JURY WITH A WRITTEN COPY OF INSTRUCTIONS[2]

Defendant contends that the trial court prejudicially erred by failing to provide the jury with a written copy of the jury instructions pursuant to section 1093, subdivision (f).[3] We agree that the trial court erred at least in failing to advise the jury that a written copy of the jury instructions would be made available upon request; but we do not agree that that error was prejudicial.

Insofar as it is pertinent to this particular issue, section 1093, subdivision (f) provides: "Upon the jury retiring for deliberation, the court shall advise

---

*See footnote, *ante*, page 1394.

[2]Defendant did not object to this procedure in the proceedings below. Consequently, we question whether the issue has been properly preserved for appellate review. However, in the interest of clarifying an issue of procedural importance for the trial court's guidance in future cases (and in light of the fact that we do not find that a prejudicial error was committed in any event) we reach the merits of defendant's contention.

[3]The People apparently have construed defendant's contention on this issue to be that the trial court abused its discretion in not granting defendant's motion for a new trial on the ground that the jury was not provided with a written copy of the jury instructions. This is not defendant's contention.

the jury of the availability of a written copy of the jury instructions. The court may, at its discretion, provide the jury with a copy of the written instructions given. However, if the jury requests the court to supply a copy of the written instructions, the court shall supply the jury with a copy." This portion of section 1093, then, is tripartite in nature: (1) The trial court *shall* advise the jury that it may have a written copy of the jury instructions during deliberations if it wants one; (2) the trial court *may* give the jury a written copy of the jury instructions on its own authority, even if the jury has not requested such a copy; and (3) the trial court *shall* give the jury a written copy of the jury instructions if the jury does ask for such a copy.

The trial court clearly failed to comply with the above provisions of section 1093, subdivision (f).[4] Rather, when the trial court first started to read the jury instructions to the jury, it (the trial court) informed the jury: "The law requires that I read the instructions to you. You will have these instructions in their tape-recorded form in the jury room to refer to during your deliberations." Later, midway through the trial court's reading of the jury instructions, the trial court instructed the jury as follows: "The instructions which have been given are being recorded on tape. The tape will be made available for your deliberations along with a tape player. If you have questions about the operation of the tape player, the bailiff will assist you."[5]

Having concluded that the trial court erred by failing to comply with the provisions of section 1093, subdivision (f), we are left to determine whether that error was prejudicial in the sense that it requires redress by this court.

---

[4]Defendant contends that the trial court's error was in failing to give a written copy of the jury instructions to the jury. Hypertechnically, the trial court is only obligated to give the jury such a written copy if the jury actually asks for one—which the jury did not do in this case. In reality, however, the jury's right to ask for a written copy of the jury instructions is clearly meaningless unless the trial court complies with the statutory requirement that it (the trial court) inform the jury that it can ask for such a written copy. (Indeed, in this case the trial court went beyond a mere failure to inform the jury to that effect—it affirmatively told the jury that it was only going to get another type of copy of the jury instructions.) We view the trial court's failure to inform the jury of its right to ask for a written copy of the jury instructions and the trial court's failure to provide such a copy of the jury instructions to the jury as an integrated error which, under the facts of this case, cannot be analytically separated into constituent elements.

[5]The trial court justified its insistence on providing the jury with only a tape-recorded copy of the instructions on the ground that the California Rules of Court do not mandate that a written copy of the instructions be provided to the jury and on the ground that the Evidence Code defines a "writing" to include a tape recording. The trial court's reasoning is unpersuasive for two reasons:

(1) To the extent that the trial court wished to rely on the absence of anything to the contrary in the California Rules of Court for justification for its position on this issue, it is noted that even if the California Rules of Court *did* contain rules which supported the trial

This issue was recently addressed in *People* v. *Blakley* (1992) 6 Cal.App.4th 1019 [8 Cal.Rptr.2d 219]:

"Given the mandate of section 1093, subdivision (f), [the procedure in question—which provided 'read backs' of instructions, but not written copies of instructions, to the jury] was clearly and unquestionably error. Under the circumstances of the instant case, however, it cannot be concluded that the error mandates reversal. Following the lead of the United States Supreme Court in *Rose* v. *Clark* (1986) 478 U.S. 570, 576-577 [92 L.Ed.2d 460, 469-470, 106 S.Ct. 3101], the California Supreme Court applies a *Chapman* harmless beyond-a-reasonable-doubt standard of review for federal constitutional errors . . . . (*People* v. *Gordon* (1990) 50 Cal.3d 1223, 1267 [270 Cal.Rptr. 451, 792 P.2d 251].) [¶] The error complained of in the instant action is not an error of constitutional dimension. There is no constitutional right to have a physical copy of the jury instructions with the jury during deliberations. Nor does the statutory requirement underlie or embody a fundamental notion of due process or some other constitutional value. It is a purely statutory requirement." (6 Cal.App.4th at p. 1023, fns. and parallel citations omitted.)[6]

■ Procedural error arising under state statutory law which is of a "less than constitutional" dimension constitutes prejudicial error only if it involves a "miscarriage of justice." (Cal. Const., art. VI, § 13.) As classically defined in *People* v. *Watson* (1956) 46 Cal.2d 818 [299 P.2d 243], a "miscarriage of justice" occurs only when it can be said "that it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error." (46 Cal.2d at p. 836.) ■ Our review of the record does not disclose that the trial court's failure to advise the jury that a written copy of the jury instructions would be available to it, on request, during deliberations resulted in a miscarriage of justice: (1) The jury gave no indication that it was confused by the instructions;[7] (2) the jury never indicated that it could not effectively answer whatever questions it may have

court's position on this issue, the contrary requirements of the Penal Code would prevail over any such rules. (Cal. Const., art. VI, § 6.)

(2) To the extent that the trial court wished to rely on the Evidence Code for justification for its position on this issue, it is equally clear that no support is there to be found. The trial court was presumably referring to Evidence Code section 250 (which defines "writing" in such a way as to include a tape recording) when he made his comment—but the Evidence Code definitions are intended only to "govern the construction of [the Evidence] [C]ode" (Evid. Code, § 250), not the Penal Code which governed in this instance.

[6]The "*Chapman*" citation refers to *Chapman* v. *California* (1967) 386 U.S. 18, at page 24 [17 L.Ed.2d 705, 710-711, 87 S.Ct. 824, 24 A.L.R.3d 1065].

[7]Defendant contends that the improper verdict reached by the jury on the felony sexual battery count shows that the jury *was* confused. However, as we discuss in the last part of our discussion, any confusion the jury might have felt on this issue was not caused by the jury

had concerning the instructions by playing the tape-recorded version of the instructions; and (3) the jury deliberations do not appear to have taken an unduly lengthy period of time.

The trial court's failure to follow the requirements of section 1093, subdivision (f) with respect to providing the jury with a written copy of the jury instructions did not constitute prejudicial error in this case. However, before leaving this issue altogether, we wish to impress upon trial courts generally the importance of complying with and adhering to specific judicial procedures which are statutorily mandated by our Legislature. This court has witnessed an increasing willingness on the part of individual judges to adopt their own procedural "trial mechanisms." Where statutorily allowable and otherwise appropriate, a judge's exercise of such initiative is commendable —but we call upon the trial courts to first carefully research possible statutory (and, for that matter, constitutional) constraints on the exercise of that initiative.

## III., IV.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment entered below is hereby and herewith modified by reducing defendant's conviction of one count of felony sexual battery under section 243.4, subdivision (a) to a conviction of one count of misdemeanor sexual battery under section 243.4, subdivision (d). This matter is remanded to the trial court with directions (i) that defendant be resentenced with regard to the above modified misdemeanor sexual battery conviction and (ii) that, after such resentencing, the trial court transmit a properly amended abstract of judgment to the appropriate correctional authorities. In all other respects, the judgment entered below is affirmed in full.

Dabney, Acting P. J., and McKinster, J., concurred.

---

instructions themselves. Further, precisely to the extent that we hereinbelow modify defendant's judgment by reducing his conviction of felony sexual battery to a conviction of misdemeanor sexual battery, any prejudice defendant suffered as a result of jury confusion on this issue (if there was any such confusion) has been eliminated by our modification of defendant's judgment.

*See footnote, *ante*, page 1394.