Filed 12/12/17

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H042666 |
| | (Santa Clara County |
| Plaintiff and Respondent, | Super. Ct. No. C1364973) |
| v. | |
| JOSEPH EUGENE RUBINO, | |
| Defendant and Appellant. | |

A jury convicted Joseph Eugene Rubino of attempted arson. (Pen. Code, § 455.) His appeal focuses solely on the standard jury instruction for that offense, CALCRIM No. 1520. He argues the instruction is constitutionally deficient because it is ambiguous and fails to instruct on specific intent, and that he was prejudiced by the deficiencies. For the reasons stated here, we find the instruction sound and will affirm the judgment.

## I.        BACKGROUND

In 2013, defendant had lived in the Casa Del Lago mobile home park in San Jose for several years. The property manager noticed a strong odor of gasoline when she arrived at her on-site office on September 3, 2013. She determined the odor was emitting from a metal drop box accessible to the outside through a wall slot. Liquid spilled onto the floor as she opened the box. Three envelopes each containing an open miniature liquor bottle, a partially burned rolled up envelope, and a match or matches were inside the box. The manager used a towel to absorb about a half inch of liquid remaining in the box, which she described as gasoline. She contacted the police after reviewing surveillance videos from the previous night, which showed defendant approaching the drop box five times in various dress and placing objects in the slot. The fifth time

defendant rolled a piece of paper, lit it, placed the flaming paper inside the box, jumped back, and ran away quickly. He returned a sixth time and looked into the drop box through the slot.

A responding police officer noticed an overwhelming smell of gasoline as he entered the manager's office, and an arson investigator smelled gasoline when he entered the office two days later. The investigator observed soot deposits on the interior surfaces of the drop box, and residual liquid inside the miniature bottles. He collected the envelopes and bottles in airtight containers designed to trap vapors, and seized a gas can from defendant's driveway. The investigator testified that the fire had resulted in only superficial damage because of insufficient air in the drop box. But there had been potential for the fire to damage the box and spread to the building walls, as the box was not constructed to contain a fire.

A criminalist testified that gasoline residue was present in the evidence containers holding the miniature bottles and charred envelopes. She smelled a strong odor of gasoline when she opened each container as if she had spilled gasoline on her hands at a gas station, even though she opened the containers under a fume hood designed to remove fumes. Liquid from the gas can seized from defendant's driveway tested positive for gasoline.

Defendant testified that he had many conflicts with the mobile home park management, and in early 2013 he filed a lawsuit against the mobile home park because he believed management was improperly withholding his rent payments and trying to defraud him of insurance money. At the same time, he had complained to the district attorney's office about the mobile home park's eviction procedure. He felt the district attorney's office had not taken him seriously, and he decided to file a lawsuit against that office for failing to act on his complaint. To support that lawsuit, defendant decided to stage a crime for the district attorney's office to investigate. By showing that the office

2

would investigate some crimes but not his, defendant felt he could prove he was being treated unfairly.

Defendant testified that he staged an arson attack at the manager's office, but he did not intend to cause harm. He knew he would be captured on camera, and he dressed in costume to clown around and make the district attorney look ridiculous, not to hide his identity. He removed a small amount of gasoline from the rim of an automobile carburetor and put it on the edges of the envelopes to smell like someone had tried to start a fire, and he filled the miniature bottles with water to prevent a fire from starting. He threw a lit piece of paper into the drop box to simulate a fire, which he would not have done had the box not been enclosed because he did not intend to cause damage.

Defendant did not tell the responding officers or the fire investigator that his arson attempt was a fake when questioned about the incident. When asked, he denied being the person photographed placing items in the drop box. Defendant claimed he had sent a letter to the district attorney's office explaining what he had done, but no such letter was introduced at trial.

Defendant was found guilty, imposition of sentence was suspended, and he was ordered to complete three years' formal probation with conditions that included one year in county jail.

## II.    DISCUSSION

Penal Code section 455, subdivision (a) prohibits any person from "willfully and maliciously attempt[ing] to set fire to or attempt[ing] to burn or to aid, counsel or procure the burning of any structure, forest land or property, or [from] commit[ting] any act preliminary thereto, or in furtherance thereof." Subdivision (b) of Penal Code section 455 states: "The placing or distributing of any flammable, explosive or combustible material or substance, or any device in or about any structure, forest land or property in an arrangement or preparation with intent to eventually willfully and

3

maliciously set fire to or burn same, or to procure the setting fire to or burning of the same shall, for the purposes of this act constitute an attempt to burn such structure, forest land or property." The California Supreme Court has recognized the placement of flammable material in or about a structure as attempted arson when done with the specific intent to willfully and maliciously set fire to the structure. (*People v. Atkins* (2001) 25 Cal.4th 76, 87.) That observation accords with the general attempt statute, which provides that "[a]n attempt to commit a crime consists of two elements: a specific intent to commit the crime, and a direct but ineffectual act done toward its commission." (Pen. Code, § 21a.)

CALCRIM No. 1520 is the standard jury instruction for attempted arson approved by the California Judicial Council. (Cal. Rules of Court, rule 2.1015(a).) The instruction states in its entirety: "The defendant is charged [in Count ___] with the crime of attempted arson [in violation of Penal Code section 455]. [¶] To prove that the defendant is guilty of this crime, the People must prove that: [¶] 1. The defendant attempted to set fire to or burn [or counseled, helped, or caused the attempted burning of] (a structure/forest land/property); [¶] AND [¶] 2. (He/She) acted willfully and maliciously. [¶] A person *attempts to set fire to or burn* (a structure/forest land/property) when he or she places any flammable, explosive, or combustible material or device in or around it with the intent to set fire to it. [¶] Someone commits an act *willfully* when he or she does it willingly or on purpose. [¶] Someone acts *maliciously* when he or she intentionally does a wrongful act or when he or she acts with the unlawful intent to defraud, annoy, or injure someone else. [¶] [A *structure* is any (building/bridge/tunnel/power plant/commercial or public tent).] [¶] [*Forest land* is any brush-covered land, cut-over land, forest, grasslands, or woods.] [¶] [*Property* means personal property or land other than forest land.]" (Italics, uppercase, and bracketed content in original.)

4

The trial court instructed the jury using CALCRIM No. 1520, as follows: "The elements of attempted arson, the charged crime, are as follows: The defendant is charged in Count 1 with the crime of attempted arson, in violation of Penal Code section 455. To prove that the defendant is guilty of this crime, the People must prove that: 1, the defendant attempted to set fire to or burn a structure or property; and 2, he acted willfully and maliciously. [¶] Some definitions: [¶] A person attempts to set fire to or burn a structure or property when he or she places any flammable, explosive, or combustible material [or] device in or around it with the intent to set fire to it. [¶] Someone commits an act willfully when he or she does it willingly or on purpose. [¶] Someone acts maliciously when he or she intentionally does a wrongful act. [¶] A structure is any building. [¶] Property means personal property belonging to another."

## A. CALCRIM NO. 1520 INSTRUCTS ON SPECIFIC INTENT

Defendant argues that CALCRIM No. 1520 fails to instruct on specific intent, a required element of attempted arson. We apply an independent standard of review in determining whether the instruction correctly states the law. (*People v. Posey* (2004) 32 Cal.4th 193, 218.)

In arguing that CALCRIM No. 1520 fails to list every element of attempted arson, defendant focuses only on the sentence describing what the prosecution must prove. In his view, the jury was instructed to "first find that the defendant committed an act in an attempt to set fire to a structure," and then "find that the defendant carried out that act with a willful and malicious mental state." But the instruction also contains definitions. It defines an "*attempt to set fire or to burn*" a structure or property as "plac[ing] any flammable, explosive, or combustible material or device in or around" the structure or property "with the intent to set fire to it." (CALCRIM No. 1520.) Read in its entirety, the instruction includes the required mental state for attempted arson: the specific intent to set fire to the structure or property. The instruction further mirrors Penal Code

5

section 455 by requiring that the defendant act willfully and maliciously.  Those mental states are not inconsistent with the specific intent to set a fire.  (*People v. Atkins*, *supra*, 25 Cal.4th at p. 87.)  Thus, the standard jury instruction used here accurately tracked the language of Penal Code section 455 and included all elements of the offense.

## B.   CALCRIM NO. 1520 IS NOT AMBIGUOUS

Arguing that the definition of an "attempt" in CALCRIM No. 1520 is ambiguous, defendant takes issue with the second occurrence of the word "it" in the sentence defining an attempt, as instructed by the court:  "A person attempts to set fire to or burn a structure or property when he or she places any flammable, explosive, or combustible material or device in or around *it* with the intent to set fire to *it*."  According to defendant, the second *it* does not have a clear noun antecedent, and could refer to either "a structure or property" or "any flammable, explosive, or combustible material or device."  According to defendant, the jury could have convicted him by finding he intended to set fire only to the envelope but not the property or structure owned by the mobile home park.

In our view, the only logical noun antecedent to the pronoun at issue here is the phrase "a structure or property."  The sentence introduces "a structure or property" as the object of "to set fire to or burn."  The sentence then describes an attempt as "plac[ing] any flammable, explosive, or combustible material or device in or around it with the intent to set fire to it."  The logical antecedent to the first *it* is "a structure or property," as it would be nonsensical to place a flammable material or device in or around itself.  The logical antecedent to the second *it* is the same "structure or property," as nothing in the sentence suggests that the same pronoun refers to different objects or that the antecedent has changed.

Even assuming this ambiguity in the instruction's definition of an attempt, it is not reasonably likely the jury misunderstood or misapplied the specific intent element here.  (*Estelle v. McGuire* (1991) 502 U.S. 62, 72 [the reviewing court determines whether it is

6

reasonably likely a jury misapplied an ambiguous instructions]; *People v. Young* (2005) 34 Cal.4th 1149, 1202 [same].)  The prosecutor specifically told the jury that the word *it* referred to a structure or property, and the required intent was the specific intent to set fire to that structure or property:  "So a person attempts to set fire to or burn a structure or property when he places a flammable material in or around it, *and what it is is a structure or property*.  So a flammable material placed in or around a structure or property *with intent to set fire to that structure or property*."  (Italics added.)  Later the prosecutor addressed this sentence in the instruction again:  "I'm going to direct you back again to the instruction.  It says:  'A person attempts to set fire to or burn a structure or property when he places any --' emphasis on 'any --' 'any flammable material in or around the property or structure *with the intent to set fire to this property or structure*.' "  (Italics added.)

Counsel for defendant explained in his closing argument also that the instruction did not permit a conviction unless the jury found specific intent to set fire to another person's property:  "The element that's important here is what is his intent?  What is his intent?  And it's not the intent to do everything that he said that he did, light an object, put objects inside of another person's property, put a match or a lit envelope inside there.  That's not the intent we're talking about, as I think [the prosecutor] aptly explained.  *It's the intent to set fire to the other person's property that matters*."  (Italics added.)  Counsel did not contest the other elements of the offense, and he concluded his argument by stressing that the prosecution had failed to establish defendant's intent to burn the lock box or the mobile home park's property.  We find no instructional error.

## C.  PREJUDICE

To buttress his prejudice argument, defendant asserts that the jury did not receive a copy of CALCRIM No. 1520.  We do not necessarily draw that conclusion from this record.  An incomplete set of jury instructions is included in the clerk's transcript with a

7

face sheet titled "Jury Instructions Provided to the Jury." That set of instructions does not include CALCRIM No. 1520, CALCRIM No. 251 (union of act and intent), and CALCRIM No. 3550 (pre deliberation), which we know from the reporter's transcript were among the instructions read to the jury before deliberations commenced. We also know from the reporter's transcript that the trial court intended to provide the jury with a complete set of instructions, as the jury was told it would receive the entire set to use in the jury room. Given that the missing instructions were read to the jury and the court was never alerted to any missing instructions during deliberations, it is possible all written instructions were provided to the jury but some were later lost or inadvertently omitted from the record on appeal due to clerk error.

Penal Code section 1093, subdivision (f) provides that the court either give the jury a copy of the written instructions upon deliberations or advise the jury of the availability of the written instructions. Failure to comply with that mandate does not implicate any provision of the state or federal Constitution. (*People v. Samayoa* (1997) 15 Cal.4th 795, 845; *People v. Cooley* (1993) 14 Cal.App.4th 1394, 1399.) Any failure to provide written instructions would therefore be reviewed for prejudice under *People v. Watson* (1956) 46 Cal.2d 818. Even if we were to assume that the jury did not receive a complete set of instructions in written form, we see no reasonable probability of an outcome more favorable for defendant absent that error. The reporter's transcript confirms that the court and counsel recited the instructions accurately. Whether defendant was shown to have had the requisite specific intent was the single issue disputed at trial and was thoroughly addressed by the court and counsel.

### III. DISPOSITION

The judgment is affirmed.

_____

Grover, J.

**WE CONCUR:**

_____

Elia, Acting P. J.

_____

Premo, J.

H042666 - *People v. Rubino*

| | |
|---|---|
| Trial Court: | Santa Clara County Superior Court, Case No.: C1364973 |
| Trial Judge: | Hon. Ron M. Del Pozzo |
| Attorneys for Plaintiff/Respondent The People: | Xavier Becerra<br>  Attorney General of California<br>Gerald A. Engler<br>  Chief Assistant Attorney General<br>Jeffrey M. Laurence<br>  Senior Assistant Attorney General<br>Seth K. Schalit<br>  Supervising Deputy Attorney General .<br>William M. Kuimelis<br>  Deputy Attorney General |
| Attorneys for Defendant/Appellant Joseph Eugene Rubino: | Michael Sampson<br>  Attorney at Law<br>  Under Appointment by the Court of Appeal |